UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY J. FOLINO,
PETER D. OLIVERI,

                Plaintiffs,                                  **REPORT,**
                                                            **RECOMMENDATION,**
v.                                                            **AND ORDER**

THE TOWN OF NIAGARA, et al.                    07-CV-0407A(M)

                Defendants.

_____

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial

proceedings in accordance with 28 U.S.C. §636(b)(1) (Dkt. #6).  Before me are defendant

Michael J. Stachowski, P.C.'s motion to dismiss the complaint pursuant to Fed. R. Civ. P.

12(b)(6) (Dkt. #3), and plaintiffs' cross-motion for leave to file an amended complaint (Dkt.

#10).  For the following reasons, I recommend that defendant Stachowski's motion be

GRANTED, and I order that plaintiffs' cross-motion be DENIED.

**BACKGROUND**

        Plaintiffs commenced this 42 U.S.C. §1983 action *pro se* arising from their arrests

in the Town of Niagara, New York on July 10, 2004.  Defendant Michael J. Stachowski, Esq.[1]

---

[1]       "Michael J. Stachowski, P.C.", is named in the complaint "individually and in his official
capacity" (Dkt. #1).  Curiously, defendants' motion is brought by "defendant Michael J. Stachowski,
P.C., individually and in his official capacity as President of Michael J. Stachowski, P.C." (Dkt. #3,
Notice of Motion, p. 2).

represented plaintiffs on the charges stemming from their arrests.  Plaintiffs allege, *inter alia*,

that defendant Stachowski used threats and coercion to force them to enter into a plea (Dkt. #1,

¶¶93-96).

Defendant Stachowski moves for dismissal of the complaint on the basis that as a

private actor he is not subject to §1983 liability (Dkt. #3, Aff. of defendant Stachowski, ¶¶ 28-

34).  Plaintiffs do not contest defendant Stachowski's assertion.  Rather, plaintiffs argue that

defendant Stachowski's motion should be denied as moot, based upon their cross-motion for

leave to amend their complaint (Dkt. #10, p. 5).[2]  Plaintiffs' proposed amendment would allege,

*inter alia*, that

> "Defendant Stachowski acted in concert with the District Attorney,
> directly to deprive Plaintiff's effective assistance of counsel,
> access to courts and substantive due process, and *thereby to obtain
> a conviction on improper charges*.  Defendant Stachowski acted
> under color of state law, by virtue of his conspiratorial actions with
> state officials that deprived Plaintiff's of Federal Rights . . . .
> Defendant continued to engage in plea discussions with the ADA
> in spite of the oppositions from plaintiffs.
>
> . . . Plaintiff's were not properly informed of the conflicts of joint
> representation, by Defendant Stachowski or by the trial court
> Judge.  Plaintiffs' never waived any rights including the right of
> effective assistance of counsel.  At the initial appearance, Justice
> Tilney merely asked Stachowski if there was going to be separate
> counsel. Defendant Stachowski state that 'this is a companion
> case'.  Defendant Stachowski acted in concert with Justice Tilney,
> depriving plaintiff's of Federal Rights . . . ." (Dkt. #10, p. 3
> (emphasis in original)).

---

[2]      I note that pursuant to Fed. R. Civ. P. 15(a) "a party may amend the parties' pleadings
once as a matter of course any time before a responsive pleading is served."  Because a motion to dismiss
is not considered a responsive pleading, see Gilmore v. University of Rochester, 410 F. Supp. 2d 127, 129
(W.D.N.Y. 2006) (Larimer, J.), plaintiffs acknowledge (Dkt. #10, p. 7) that they could have filed an
amended complaint as of right.  However, the "right to amend terminates upon the issuance of an order
granting a motion to dismiss".  Id.

Defendant Stachowski opposes plaintiffs' cross-motion to amend arguing that plaintiffs' allegation that they acted in concert with state officials is vague and lacking any factual support (Dkt. #11, ¶¶ 4 through 9).

It is well recognized that "[p]rivate persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute." Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); see also Dwares v. City of New York, 985 F. 2d 94, 98 (2d Cir. 1993) ("A private individual may be subject to liability under this section if he or she willfully collaborated with an official state actor in the deprivation of the federal right."); Bliss v. Rochester City School Dist., 196 F. Supp. 2d 314, 336 (W.D.N.Y. 2002) (Larimer, J.), aff'd, 103 Fed. Appx. 421 (2d Cir. 2004) ("a private, non-governmental entity, . . . is . . . not liable to suit under §1983 unless its actions were 'fairly attributable to the State.' " (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)). While, "there is no simple litmus test for determining state action", "[t]he ultimate resolution of whether an actor was . . . functioning under color of law is a question of law for the court". Rivoli v. Gannett Co., Inc., 327 F. Supp. 2d 233, 239-240 (W.D.N.Y. 2004) (Larimer, J.) (internal quotation marks omitted).

While plaintiffs' proposed amendment alleges that defendant Stachowski "acted in concert with [the District Attorney and Judge]" to deprive him of his Constitutional rights, this allegation, absent additional factual support, is insufficient to survive a motion to dismiss. See Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir.2002) ("A mere conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a §1983 claim against the private entity."); Rivoli, supra, 327 F. Supp. 2d at 240 (granting defendant's

motion to dismiss based on failure to adequately plead state action, where plaintiff failed to "allege[] a sufficient nexus between [the private and state actor] with respect to any action taken . . . against plaintiff by [defendant]").   While there are factual allegations that defendant Stachowski provided ineffective assistance of counsel, the proposed amended complaint contains no factual allegations that the District Attorney or the Judge misused their powers in concert with Mr. Stachowski conduct to inflict an unconstitutional injury on plaintiff. Consequently, I deny plaintiffs' cross-motion to amend based on futility.  See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87-88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)").

## CONCLUSION

For these reasons, I recommend that defendant Stachowski's motion to dismiss (Dkt. #3) be GRANTED, and I order that plaintiffs' cross-motion for leave to amend be DENIED.  Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:        October 11, 2007

                                   /s/ Jeremiah J. McCarthy
                                   JEREMIAH J. MCCARTHY
                                   United States Magistrate Judge